UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Applicant,*<br><br>v.<br><br>DANIEL J. BEAN,<br><br>*Defendant/Respondent.* | Docket No.: 18-0146 |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT
OF 1934 ENFORCING COMPLIANCE WITH COMMISSION ORDER

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), enforcing compliance by the Respondent, Daniel J. Bean ("Respondent"), with a final Commission order entered against him on August 16, 2016. This order required Bean to disgorge $148,500 plus prejudgment interest of $11,904,65 with interest continuing to accrue pursuant to SEC Rule of Practice 600, and to pay a civil penalty of $7,500, plus other injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1.      The Commission seeks by this Application to enforce an order of the Commission arising from Bean's conduct acting as an unregistered broker-dealer in the offer and sale of securities by JCS Enterprises, Inc. ("JCS Enterprises") and T.B.T.I., Inc. ("T.B.T.I.").

2. Respondent has not fully paid the disgorgement, prejudgment interest, and civil money penalty imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Daniel J. Bean is a 43-year-old man residing in Shreveport, Louisiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act.

6. Venue lies in the Western District of Louisiana under Section 27(a) of the Exchange Act. Respondent is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7. On August 16, 2016, the Commission issued an Order making findings and imposing remedial sanctions and injunctive relief orders pursuant to Sections 15(b) and 21C of the Exchange Act against Bean requiring him to disgorge $148,500 and prejudgment interest of $11,904.65 and to pay a civil penalty of $7,500 and applicable interest.

8. Respondent did not seek review of the Order, and his time to do so has expired.

9. Respondent has not fully satisfied the monetary amounts entered against him.

## ARGUMENT

10. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

> Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder.

- 3 -

11.     This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

12.     Under this provision, the Commission "may . . . seek . . . 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). This provision vests the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

13.     Proceedings under this provision are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

14.     In such proceedings the Respondent may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

- 4 -

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondent to show cause why this Court should not enter an Order enforcing his compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Bean to disgorge $148,500 and prejudgment interest of $11,904.65 and to pay a civil penalty of $7,500 and applicable interest (less any payments);

b. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from July 14, 2016, the date of the Order, to the date that this Court enters its order; and

c. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated: February 6, 2018

                    Respectfully submitted,

                    s/MICHAEL J. ROESSNER
                    MICHAEL J. ROESSNER
                    Assistant Chief Litigation Counsel
                    Division of Enforcement
                    United States Securities and Exchange Commission
                    100 F Street, NE
                    Mail Stop 5985
                    Washington, DC 20549-0022
                    RoessnerM@SEC.gov
                    Telephone:   202.551.4347
                    Facsimile:    703.813.9366
                    Attorney for Plaintiff/Judgment Creditor
                    United States Securities and Exchange Commission
                    Lead Trial Counsel to be Noticed

                    **ALEXANDER C. VAN HOOK**
                    **United States Attorney**

BY:    s/ SHANNON T. BROWN
                    Shannon T. Brown (32366)
                    Assistant United States Attorney
                    300 Fannin Street, Suite 3201
                    Shreveport, Louisiana 71101
                    Telephone: (318) 676-3600
                    shannon.brown@usdoj.gov